## SMIDDY v. COMMONWEALTH.

Court of Appeals of Kentucky.

March 14, 1952.

Joe S. Feather, R. L. Brown, Williamsburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Robert Smiddy is appealing from a judgment sentencing him to six years in prison on a charge of maliciously striking and wounding Pete Bray with a deadly weapon with intent to kill. Robert Smiddy was jointly indicted with his brother, J. B., for the offense. Robert was absent from the State when J. B. was tried. We reversed a judgment sentencing J. B. to four years in prison because he was found guilty under an instruction covering his aiding and abetting his brother, Robert, in the wrongful striking of Mr. Bray with a pistol. 240 S.W.2d 565. The principal complaint in Robert's case is that, since Mr. Bray had not complied with some of the provisions of KRS 61.300 relating to peace officers, he had no right to arrest J. B. Smiddy, who was drunk in a public place, and, further, that it was error to qualify the self-defense instruction by authorizing the jury to find that Mr. Bray was a de facto officer.

The Bill of Exceptions is in narrative form. Such a bill may be filed, even though the case has been reported. Turner v. Shropshire, 285 Ky. 256, 147 S.W.2d 388.

Mr. Bray's evidence was substantially the same as he gave on the trial of J. B. Smiddy. He was 76 years of age and had served as a deputy sheriff of Whitley County for a number of years. He executed bond with surety, his picture was attached to the bond book and he took an oath of office. However, he did not file an affidavit in the clerk's office or a sworn statement that he had never been convicted of any offense involving moral turpitude or that within two years before his appointment he had not served as a private guard in any labor dispute. No order had been placed on the Order Book of the County Court showing the appointment of Mr. Bray as a deputy sheriff.

Mr. Bray saw J. B. and several others in a group including Robert Smiddy. He asked them what they were doing and they said, "Playing." J. B. was drunk and Robert was sober. Mr. Bray told J. B. to go on home and Robert joined in that request. When J. B. refused to go home Mr. Bray told him they would have to take him to Williamsburg. A scuffle followed between Mr. Bray and J. B., during which Mr. Bray drew his pistol. The pistol was knocked out of Mr. Bray's hands and Robert got it in his possession. While J. B. and Mr. Bray were scuffling Robert struck Mr. Bray with the pistol, telling him: "If you was to hurt my brother, God damn you, I would kill you." One of Mr. Bray's eyes was knocked out and his nose was broken.

Robert's intervention in the affray was of his own volition. J. B. had been given an opportunity to go home and would

not do so. Robert's attack upon Mr. Bray was wholly unwarranted. Mr. Bray had not complied with all the provisions of KRS 61.300. However, he had executed bond, with his picture attached thereto, and had taken the oath of office. The statute under consideration provides for a penalty in the event the officer fails to comply with any provision thereof. Furthermore, KRS 63.180 provides that any person serving as a nonelective peace officer or deputy peace officer in violation of KRS 61.300, shall be subject to removal. Clearly the instruction toward which complaint is directed was not prejudicial to the appellant. Probably, it could be contended with equal force that he was not entitled to such an instruction under the facts of this case.

Judgment affirmed.